IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ELEODORO HERNANDEZ, on behalf of himself and all others similarly situated, | ) ) ) | Civil Action No. |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| K & M DELI OF SAVANNAH, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES

**COMES NOW**, Plaintiff Eleodoro Hernandez ("Plaintiff" or "Hernandez"), by and through undersigned counsel, on behalf of himself and all similarly situated individuals, and files this Complaint against Defendant K & M Deli of Savannah, Inc. ("Newk's") and shows the following:

### I.  Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.  As to Count I, Plaintiff brings this action as the representative party for all similarly situated employees of Defendant.

2.

This action seeks declaratory relief, along with liquidated and actual damages for Defendant's failure to pay federally mandated overtime wages to Plaintiff and similarly situated individuals in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA").

## II.   Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Defendant K & M Deli of Savannah is a Georgia corporation and resides in this district.  Defendant does business in and is engaged in commerce in the State of Georgia.  Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events and omissions that give rise to Plaintiff's and the putative class' claims occurred in this district.

## III.   Parties and Facts

5.

Plaintiff is a resident of the State of Georgia.

6.

From February 2012 to January 30, 2016, Plaintiff was employed by Defendant as a cook/kitchen worker. Throughout Plaintiff's employment, he was paid on an hourly basis.

7.

Throughout his employment with Defendant, Plaintiff regularly worked well in excess of 40 hours per workweek, and was paid less than time and a half his regular rate for hours worked over 40 in given workweeks.

8.

Rather than pay Plaintiff required overtime compensation, Defendant paid Plaintiff his regular hourly rate, or less for hours worked over 40 in workweeks. Defendant paid part of Plaintiff's wages via check, and the remainder in cash.

9.

During Plaintiff's employment with Defendant, including within the last two years, Defendant has applied this same illegal pay practice to other Hispanic cooks/kitchen workers, i.e. Defendant has required Hispanic hourly paid workers to work in excess of 40 hours per week and paid them less than time and a half their regular rate for such hours.

10.

Plaintiff was an "employee" of Defendant, as that term has been defined by the FLSA, 29 U.S.C.S. § 201 et seq., 29 U.S.C. § 203(e).

11.

Throughout his employment with Defendant, Plaintiff's primary job duty was manual labor, specifically cooking/kitchen duties at Defendant's restaurant.

12.

Within the last two years, Plaintiff worked alongside other cooks/kitchen workers at Defendant's restaurant performing the same or similar job duties, and working similar hours.

13.

Plaintiff and the other cooks/kitchen workers that have been denied wages for overtime hours are all employees paid on an hourly basis.

14.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000.00 per year.

15.

Defendant is an "employer" within the definition of the FLSA, § 29 U.S.C. §203(d).

16.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §§ 204 and §207.

### IV.   <u>Collective Action Allegations</u>

17.

Plaintiff brings Count I of this Complaint on behalf of himself and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiff and the similarly situated individuals are individuals who currently or formerly have been employed by Defendant, at any time during the last three (3) years that were paid on an hourly basis and not paid overtime compensation at time and a half their regular rate for hours worked over 40 in given workweek(s).

18.

During the last three years, Plaintiff and the Collective Class routinely worked in excess of (40) hours per workweek without receiving overtime compensation for some of the hours they worked over 40 hours in given work weeks while performing similar duties for Defendant.

19.

Defendant was aware that Plaintiff and the Collective Class were working in excess of 40 hours in given workweeks without receiving overtime compensation.

20.

During the last three years, Defendant failed to keep accurate time records for all hours worked by Plaintiff and the Collective Class.

21.

During the last three years, Defendant paid Plaintiff and members of the Collective Class an hourly rate, but did not pay Plaintiff and members of the Collective Class overtime compensation at the required rate.

22.

During the last three years, Plaintiff and the Collective Class regularly worked in excess of 40 hours in given workweeks without receiving overtime compensation for hours worked in excess of 40 in such weeks.

23.

Plaintiff and the Collective Class are entitled to overtime pay for the hours they worked over 40 in given workweeks. Defendant's practices violate the provisions of the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207.  As a result of Defendant's unlawful practices, Plaintiff and the Collective Class have suffered lost wages.

## Count I

## Violation of the Overtime Wage Requirement of
## the Fair Labor Standards Act (Plaintiff and the Collective Class)

24.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

25.

Defendant has violated the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207, by failing to pay overtime wages for hours Plaintiff and the Collective Class worked in excess of 40 hours in given workweeks.

26.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of 40 hours in a workweek.

27.

Defendant suffered and permitted Plaintiff and the Collective Class to routinely work more than 40 hours per week without overtime compensation.

28.

Defendant's actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the Collective Class at the required overtime rate.

29.

Defendant knew, or showed reckless disregard for the fact that it failed to pay Plaintiff and the Collective Class overtime compensation in violation of the FLSA.

30.

Defendant failed to accurately report, record and/or preserve records of hours worked by Plaintiff and the Collective Class, and thus has failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

31.

Plaintiff and the Collective Class were subject to the same unlawful policies of Defendant, i.e. Defendant's failure to pay Plaintiff and the Collective Class for some of their hours worked over 40 in workweeks.

32.

Defendant's violations of the FLSA were willful and in bad faith.

33.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff and the Collective Class are entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## **Prayer for Relief**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment against Defendant and award Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(C)   Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant willfully violated the FLSA;

(D)    Grant conditional certification and provide notice of this action to all

similarly situated individuals;

(E)    Grant Plaintiff leave to add additional claims if necessary; and

(F)    Award Plaintiff such further and additional relief as may be just and

appropriate.

Respectfully submitted,

This 22nd day of April, 2016.

**BARRETT & FARAHANY**

/s/ V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
Attorney for Eleodoro Hernandez

1100 Peachtree Street, Suite 500
Atlanta, Georgia 30309
Telephone: (404) 214-0120
Facsimile: (404) 214-0125
severin@justiceatwork.com