## CONFIDENTIAL SETTLEMENT AGREEMENT
## AND GENERAL RELEASE OF CLAIMS

Eleodoro Hernandez (hereinafter referred to as "Hernandez") and K & M Deli of Savannah, Inc. (hereinafter referred to as "K & M") hereby enter into this Confidential Settlement Agreement and General Release of Claims ("Settlement Agreement"). Hereinafter Hernandez and K & M are collectively referred to as "Parties."

WHEREAS, Hernandez worked for K & M; and

WHEREAS, Hernandez severed his employment with K & M; and

WHEREAS, a dispute has arisen between Hernandez and K & M regarding Hernandez's employment and pay while working for K & M (hereinafter referred to as "the Dispute"); and

WHEREAS Hernandez caused to be filed with the United States District Court for the Northern District of Georgia, Civil Action No. 1:16-cv-1328-AT (hereinafter referred to as "the Lawsuit") alleging failure to pay properly for all hours worked, including overtime; and

WHEREAS, K & M denies all of the allegations and claims asserted by Hernandez in the Dispute and Lawsuit, and nothing contained herein nor any payment made hereunder shall constitute an admission by K & M of any liability to Hernandez, and K & M expressly denies any such liability; and

WHEREAS, the Parties desire to settle and resolve their disputes and all potential disputes relating to or arising out of Hernandez's employment with K & M, including, without limitation, the Dispute and the Lawsuit;

NOW, THEREFORE, in consideration of the promises, covenants, and other terms set forth and referred to herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

{00777299.DOCX / }

1. **Lump Sum Payment.**

K & M agrees to pay Hernandez $14,500.00 in the manner described herein, in full accord satisfaction of Hernandez's claims against K & M, upon receipt of a fully executed Settlement Agreement and appropriate tax forms. This payment will be made as follows:

    a.    to pay to Hernandez Four Thousand Two Hundred Thirty One Dollars and 25/100 ($4,231.25) as wage income, less lawful deductions.

    b.    to pay to Hernandez Four Thousand Two Hundred Thirty One Dollars and 25/100 ($4,231.25) as non-wage income, to be reported by Employee as 1099 income.

    c.    to pay to Barrett & Farahany, LLP Six Thousand Thirty Seven Dollars and 50/100 ($6,037.50) as non-wage income, to be reported as 1099 income.

These checks will be mailed to V. Severin Roberts of Barrett & Farahany, LLP, counsel for Hernandez, within ten (10) days of the Court's approval [OR on or before August 31, 2016].

2. **Dismissal of Lawsuit.**

Hernandez agrees to jointly file with the United States District Court for the Northern District of Georgia a Voluntary Dismissal with Prejudice of the Lawsuit upon receipt of all the checks set forth in Paragraph 1 above. Hernandez shall prepare a proposed voluntary dismissal with prejudice and provide to K & M's counsel for review and approval prior to filing same.

3. **No Other Claims or Future Compensation.**

Hernandez specifically acknowledges and agrees that the settlement payment set forth in Paragraph 1 above represents a fair and equitable settlement of any and all claims for damages or payments related to the Dispute and as set forth in the Lawsuit, that upon receipt of these monies he has been compensated for all wages owed him, and that he has no further claim for any wages, overtime, or other monies due or owing to him from K & M.

Hernandez represents that he has not filed any charges, complaints, claims, demands, or lawsuits against K & M other than the Lawsuit expressly set out in the introductory paragraph to this Settlement Agreement. Accordingly, Hernandez covenants and agrees that he will not seek or accept, either directly or indirectly, any monies, wages, or benefits (or anything else of value) from K & M in the future with regard to any employment related matter, whether filed on behalf of Hernandez or any other similarly situated individuals. Hernandez further represents that he will not take action to solicit or encourage any other person to make, assert, or pursue any claim against K & M, but understands that he is not prohibited from honestly responding or adhering to a valid and binding subpoena or court order or participating in an agency investigation and that nothing herein is intended to affect his Section 7 rights under the National Labor Relations Act.

4. **Release.**

In consideration of the payment described in Paragraph 1 above, Hernandez, on behalf of himself and his past, present, and future agents, representatives, attorneys, heirs, executors, administrators, successors, licensees, and assigns (hereinafter collectively referred to as "Releasors"), does hereby fully and forever release, waive, settle, reach full accord and satisfaction with, remise, discharge, and acquit K & M, and each of its past, present, and future parents, subsidiaries, affiliated entities, successors, predecessors, and assigns, and its and their past, present, and future officers, employees, agents, contractors, attorneys, insurers, successors, licensees, predecessors, and assigns (hereinafter collectively referred to as "Released Parties") from any and all actions, causes of action, suits, debts, claims, liens, and demands whatsoever, in law, in equity, or otherwise, whether known or unknown, which any of the Releasors ever had, now have, or hereinafter can, shall, or may have against any of the

Released Parties, for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of time through and including the date on which Hernandez executes this Settlement Agreement, including, but not limited to, claims related to Hernandez's employment with K & M, the Dispute, and the Lawsuit.

5. **Confidentiality.**

(a) Except as expressly set forth herein, Hernandez shall not disclose to any person or entity, directly or indirectly, the terms or existence of this Settlement Agreement, including, without limitation, the payment, or any facts or other information relating to or in connection with the Parties' settlement or the negotiation and execution of this Settlement Agreement. Notwithstanding the foregoing, Hernandez may disclose the payment and/or other terms of this Settlement Agreement (i) to his spouse, if any, provided that person agrees to be bound by this confidentiality provision; (ii) to the extent necessary to obtain bona fide financial planning, tax, accounting, or legal advice, provided that those to whom disclosure is made for such purpose(s) shall agree to and be bound by this confidentiality provision; and, (iii) as required by law or court order, provided that Hernandez shall provide reasonable and sufficient notice to K & M of such request or order prior to the time set for compliance so that K & M may timely take whatever action it deems appropriate.

(b) In response to a specific inquiry about Hernandez's underlying disputes or allegations and claims raised, or that could have been raised, in the Dispute or the Lawsuit, Hernandez agrees that he will respond only that "the matter has been resolved" and, again, *may make this statement only in response to a specific inquiry received.*

(c) Hernandez acknowledges and agrees that this Confidentiality provision constitutes a material term of this Settlement Agreement.

6.   **No-Employment.**

Hernandez confirms that he has no interest in employment with K & M and understands that he is not eligible for reinstatement or rehire or employment of any kind with K & M or its subsidiaries or related entities. Hernandez agrees, as a condition of his receipt of the payment set forth in Paragraph 1 above, not to seek, apply for, or accept any such employment and acknowledges that K & M and any subsidiary or related entity is under no obligation or duty to consider him for future employment in any capacity.

7.   **Entire Settlement Agreement.**

This Settlement Agreement represents the entire agreement and understanding between the Parties regarding Hernandez's employment with K & M, the Dispute, or the Lawsuit. This Settlement Agreement supersedes any prior or contemporaneous written or oral communications or agreements between the Parties regarding the subjects hereof, and no amendment, modification, or waiver of this Settlement Agreement shall be valid unless in writing and signed by Hernandez and the President of K & M. Hernandez represents and warrants that he has executed this Settlement Agreement without reliance on any statement or representation of fact or opinion by K & M or any other Released Parties, except as expressly set forth herein.

8.   **Compliance and Severability.**

In consideration of the monies paid to him herein, Hernandez represents and warrants that he will comply with all the terms of this Agreement. If any term or condition of this Settlement Agreement or the application thereof to any entity or circumstance shall to any extent be declared invalid or unenforceable, neither the remainder of this Settlement Agreement nor the application of such term or condition to any other entity or circumstance

shall be affected thereby, and each remaining term or condition of this Settlement Agreement shall be valid and enforceable to the fullest extent permitted by law.

Consequently, Hernandez agrees that he will not directly or indirectly challenge any paragraph of the Agreement as invalid or unenforceable, nor assert unenforceability as a defense to any claim for breach of this Agreement. Hernandez agrees that he will not act contrary to any paragraph of this Agreement, even if it is determined by any court to be illegal, invalid, or otherwise unenforceable, and understands that any such action by him found to be a material breach of the Agreement will result in a failure of consideration hereunder and K & M shall be entitled to all rights and remedies at law or in equity, including immediate injunctive relief to preclude further breach. The prevailing party will be entitled to recover costs and fees incurred for any action necessary to enforce the terms of this Agreement.

9. **Execution of Agreement.**

This Agreement may be executed in two or more identical counterparts, which, when delivered, shall constitute one in the same instrument and shall be enforceable as if all Parties had executed a single document. To expedite the execution of this Agreement, it is agreed that the counterpart signatures may be transmitted via facsimile or other electronic means. It is further agreed that such facsimile signatures shall be fully binding and the Agreement fully effective when signed in counterpart facsimile by all Parties hereto. All Parties transmitting a facsimile signature agree that within five working days thereafter, they will transmit an originally signed counterpart signature page.

10. **Acknowledgment of Understanding.**

Hernandez acknowledges that he has carefully read all the terms of this Settlement Agreement, has had an ample and reasonable opportunity to discuss it with his attorney of

choice, is hereby advised to consult with his attorney of choice, has in fact discussed it with his attorney of choice, and signs the same with full knowledge that this Settlement Agreement **forever releases** K & M, the Released Parties, and any related or affiliated persons or entities, from any legal action arising from Hernandez's employment with and cessation of employment from K & M. Further, Hernandez acknowledges that he has in fact had a reasonable period of time within which to consider this Settlement Agreement.

WHEREFORE, the Parties have executed this Settlement Agreement as of the date(s) set forth below.

_____  8/3/16              _____  8/12/16
Eleodoro Hernandez        Date                K & M Deli of Savannah, Inc.  Date

Approved by:                                  Approved by:

_____                       _____
V. Severin Roberts                            Steven J. Whitehead
Barrett & Farahany, LLP                       Taylor English Duma LLP
1100 Peachtree, N.E., Suite 500               1600 Parkwood Circle, Suite 400
Atlanta, Georgia 30309                        Atlanta, Georgia 30339
Telephone:  (404) 214-0120                    Telephone: (770) 434-6868
Facsimile:  (404) 214-0125                    Facsimile: (770) 434-7376
Attorneys for Eleodoro Hernandez              Attorneys for K & M Deli of Savannah, Inc.

## CONFIDENTIAL SETTLEMENT AGREEMENT
## AND GENERAL RELEASE OF CLAIMS

Josefa Aguilar (hereinafter referred to as "Aguilar") and K & M Deli of Savannah, Inc. (hereinafter referred to as "K & M") hereby enter into this Confidential Settlement Agreement and General Release of Claims ("Settlement Agreement"). Hereinafter Aguilar and K & M are collectively referred to as "Parties."

WHEREAS, Aguilar worked for K & M; and

WHEREAS, Aguilar severed her employment with K & M; and

WHEREAS, a dispute has arisen between Aguilar and K & M regarding Aguilar's employment and pay while working for K & M (hereinafter referred to as "the Dispute"); and

WHEREAS Aguilar joined litigation filed with the United States District Court for the Northern District of Georgia, Civil Action No. 1:16-cv-1328-AT (hereinafter referred to as "the Lawsuit") alleging failure to pay properly for all hours worked, including overtime; and

WHEREAS, K & M denies all of the allegations and claims asserted by Aguilar in the Dispute and Lawsuit, and nothing contained herein nor any payment made hereunder shall constitute an admission by K & M of any liability to Aguilar, and K & M expressly denies any such liability; and

WHEREAS, the Parties desire to settle and resolve their disputes and all potential disputes relating to or arising out of Aguilar's employment with K & M, including, without limitation, the Dispute and the Lawsuit;

NOW, THEREFORE, in consideration of the promises, covenants, and other terms set forth and referred to herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. **<u>Lump Sum Payment.</u>**

K & M agrees to pay Aguilar $6,500.00 in the manner described herein, in full accord satisfaction of Aguilar's claims against K & M, upon receipt of a fully executed Settlement Agreement and appropriate tax forms. This payment will be made as follows:

    a. to pay to Aguilar One Thousand Eight Hundred Thirty One Dollars and 25/100 ($1,831.25) as wage income, less lawful deductions.

    b. to pay to Aguilar One Thousand Eight Hundred Thirty One Dollars and 25/100 ($1,831.25) as non-wage income, to be reported by Employee as 1099 income.

    c. to pay to Barrett & Farahany, LLP Two Thousand Eight Hundred Thirty Seven Dollars and 50/100 ($2,837.50) as non-wage income, to be reported as 1099 income.

These checks will be mailed to V. Severin Roberts of Barrett & Farahany, LLP, counsel for Aguilar, within ten (10) days of the Court's approval [OR on or before August 31, 2016].

2. **<u>Dismissal of Lawsuit.</u>**

Aguilar agrees to jointly file with the United States District Court for the Northern District of Georgia a Voluntary Dismissal with Prejudice of the Lawsuit upon receipt of all the checks set forth in Paragraph 1 above. Aguilar shall prepare a proposed voluntary dismissal with prejudice and provide to K & M's counsel for review and approval prior to filing same.

3. **<u>No Other Claims or Future Compensation.</u>**

Aguilar specifically acknowledges and agrees that the settlement payment set forth in Paragraph 1 above represents a fair and equitable settlement of any and all claims for damages or payments related to the Dispute and as set forth in the Lawsuit, that upon receipt of these monies she has been compensated for all wages owed her, and that she has no further claim for any wages, overtime, or other monies due or owing to her from K & M.

Aguilar represents that she has not filed (or joined) any charges, complaints, claims, demands, or lawsuits against K & M other than the Lawsuit expressly set out in the introductory paragraph to this Settlement Agreement. Accordingly, Aguilar covenants and agrees that she will not seek or accept, either directly or indirectly, any monies, wages, or benefits (or anything else of value) from K & M in the future with regard to any employment related matter, whether filed on behalf of Aguilar or any other similarly situated individuals. Aguilar further represents that she will not take action to solicit or encourage any other person to make, assert, or pursue any claim against K & M, but understands that she is not prohibited from honestly responding or adhering to a valid and binding subpoena or court order or participating in an agency investigation and that nothing herein is intended to affect her Section 7 rights under the National Labor Relations Act.

4. **Release.**

In consideration of the payment described in Paragraph 1 above, Aguilar, on behalf of herself and her past, present, and future agents, representatives, attorneys, heirs, executors, administrators, successors, licensees, and assigns (hereinafter collectively referred to as "Releasors"), does hereby fully and forever release, waive, settle, reach full accord and satisfaction with, remise, discharge, and acquit K & M, and each of its past, present, and future parents, subsidiaries, affiliated entities, successors, predecessors, and assigns, and its and their past, present, and future officers, employees, agents, contractors, attorneys, insurers, successors, licensees, predecessors, and assigns (hereinafter collectively referred to as "Released Parties") from any and all actions, causes of action, suits, debts, claims, liens, and demands whatsoever, in law, in equity, or otherwise, whether known or unknown, which any of the Releasors ever had, now have, or hereinafter can, shall, or may have against any of the

Released Parties, for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of time through and including the date on which Aguilar executes this Settlement Agreement, including, but not limited to, claims related to Aguilar's employment with K & M, the Dispute, and the Lawsuit.

    5.    **Confidentiality.**

    (a)    Except as expressly set forth herein, Aguilar shall not disclose to any person or entity, directly or indirectly, the terms or existence of this Settlement Agreement, including, without limitation, the payment, or any facts or other information relating to or in connection with the Parties' settlement or the negotiation and execution of this Settlement Agreement.  Notwithstanding the foregoing, Aguilar may disclose the payment and/or other terms of this Settlement Agreement (i) to her spouse, if any, provided that person agrees to be bound by this confidentiality provision; (ii) to the extent necessary to obtain bona fide financial planning, tax, accounting, or legal advice, provided that those to whom disclosure is made for such purpose(s) shall agree to and be bound by this confidentiality provision; and, (iii) as required by law or court order, provided that Aguilar shall provide reasonable and sufficient notice to K & M of such request or order prior to the time set for compliance so that K & M may timely take whatever action it deems appropriate.

    (b)    In response to a specific inquiry about Aguilar's underlying disputes or allegations and claims raised, or that could have been raised, in the Dispute or the Lawsuit, Aguilar agrees that she will respond only that "the matter has been resolved" and, again, *may make this statement only in response to a specific inquiry received.*

    (c)    Aguilar acknowledges and agrees that this Confidentiality provision constitutes a material term of this Settlement Agreement.

6. **No-Employment.**

Aguilar confirms that she has no interest in employment with K & M and understands that she is not eligible for reinstatement or rehire or employment of any kind with K & M or its subsidiaries or related entities. Aguilar agrees, as a condition of her receipt of the payment set forth in Paragraph 1 above, not to seek, apply for, or accept any such employment and acknowledges that K & M and any subsidiary or related entity is under no obligation or duty to consider her for future employment in any capacity.

7. **Entire Settlement Agreement.**

This Settlement Agreement represents the entire agreement and understanding between the Parties regarding Aguilar's employment with K & M, the Dispute, or the Lawsuit. This Settlement Agreement supersedes any prior or contemporaneous written or oral communications or agreements between the Parties regarding the subjects hereof, and no amendment, modification, or waiver of this Settlement Agreement shall be valid unless in writing and signed by Aguilar and the President of K & M. Aguilar represents and warrants that she has executed this Settlement Agreement without reliance on any statement or representation of fact or opinion by K & M or any other Released Parties, except as expressly set forth herein.

8. **Compliance and Severability.**

In consideration of the monies paid to her herein, Aguilar represents and warrants that she will comply with all the terms of this Agreement. If any term or condition of this Settlement Agreement or the application thereof to any entity or circumstance shall to any extent be declared invalid or unenforceable, neither the remainder of this Settlement Agreement nor the application of such term or condition to any other entity or circumstance

shall be affected thereby, and each remaining term or condition of this Settlement Agreement shall be valid and enforceable to the fullest extent permitted by law.

Consequently, Aguilar agrees that she will not directly or indirectly challenge any paragraph of the Agreement as invalid or unenforceable, nor assert unenforceability as a defense to any claim for breach of this Agreement. Aguilar agrees that she will not act contrary to any paragraph of this Agreement, even if it is determined by any court to be illegal, invalid, or otherwise unenforceable, and understands that any such action by her found to be a material breach of the Agreement will result in a failure of consideration hereunder and K & M shall be entitled to all rights and remedies at law or in equity, including immediate injunctive relief to preclude further breach. The prevailing party will be entitled to recover costs and fees incurred for any action necessary to enforce the terms of this Agreement.

9. **Execution of Agreement.**

This Agreement may be executed in two or more identical counterparts, which, when delivered, shall constitute one in the same instrument and shall be enforceable as if all Parties had executed a single document. To expedite the execution of this Agreement, it is agreed that the counterpart signatures may be transmitted via facsimile or other electronic means. It is further agreed that such facsimile signatures shall be fully binding and the Agreement fully effective when signed in counterpart facsimile by all Parties hereto. All Parties transmitting a facsimile signature agree that within five working days thereafter, they will transmit an originally signed counterpart signature page.

10. **Acknowledgment of Understanding.**

Aguilar acknowledges that she has carefully read all the terms of this Settlement Agreement, has had an ample and reasonable opportunity to discuss it with her attorney of

choice, is hereby advised to consult with her attorney of choice, has in fact discussed it with her attorney of choice, and signs the same with full knowledge that this Settlement Agreement **forever releases K & M, the Released Parties,** and any related or affiliated persons or entities, from any legal action arising from Aguilar's employment with and cessation of employment from K & M. Further, Aguilar acknowledges that she has in fact had a reasonable period of time within which to consider this Settlement Agreement.

WHEREFORE, the Parties have executed this Settlement Agreement as of the date(s) set forth below.

_____  08.08.16     _____  8/12/16
Josefa Aguilar                  Date         K & M Deli of Savannah, Inc.    Date

Approved by:                                 Approved by:

_____                _____
V. Severin Roberts                           Steven J. Whitehead
Barrett & Farahany, LLP                      Taylor English Duma LLP
1100 Peachtree, N.E., Suite 500              1600 Parkwood Circle, Suite 400
Atlanta, Georgia 30309                       Atlanta, Georgia 30339
Telephone:  (404) 214-0120                   Telephone: (770) 434-6868
Facsimile:  (404) 214-0125                   Facsimile: (770) 434-7376
Attorneys for Josefa Aguilar                 Attorneys for K & M Deli of Savannah, Inc.